IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01403-PAB

SAMUEL MASIAS,

    Plaintiff,

v.

COLORADO SPRINGS UTILITIES (CSU),
JERRY A. FORTE, CEO of Colorado Springs Utilities,
MERV BENNETT, Chairman of the Board, CSU,
ANDRES PICO, Vice-Chairman of the Board, CSU,
COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT, and
GARRY KAUFMAN, Deputy Director, Colorado Air Pollution Control Division,

    Defendants.

**ORDER**

This matter is before the Court on the Information for Temporary Restraining Order [Docket No. 4] filed by plaintiff Samuel Masias. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

On May 19, 2014, plaintiff filed a complaint. Docket No. 1. Plaintiff claims that Colorado Springs Utilities and the Colorado Department of Public Health and Environment failed "to comply with environmental and civil justice obligations stemming from their operating the permitting of the Martin Drake Power Plant" (the "power plant"), which is located in Colorado Springs, Colorado. *Id.* at 2. Plaintiff appears to bring his claims pursuant to the Clean Air Act, 42 U.S.C. § 7401 *et seq.* ("CAA"), but does not

specifically allege which provisions of the CAA defendants have violated. *See id.*[1] Plaintiff claims that the power plant emits toxic pollutants affecting nearby residents. *Id.* at 2-3. On May 5, 2014, a fire broke out at the power plant, which plaintiff claims damaged the plant and resulted in the release of "toxic fumes that included asbestos fibers into nearby neighborhoods." *Id.* at 3; *see also* Docket No. 1-2.

On May 19, 2014, plaintiff filed the Information for Temporary Restraining Order [Docket No. 4].[2] Plaintiff requests that, "[p]rior to any reconstruction activities to restore the plant to service, [defendants] publish a comprehensive engineering report from an accomplished and experienced industrial accident team that clearly delineates the cause of the accident." Docket No. 4 at 2. Plaintiff does not otherwise explain why immediate action is necessary.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Article III of the United States Constitution grants federal courts jurisdiction only over "cases" and "controversies." *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1224 (10th Cir. 2008). "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live

---

[1] Plaintiff's complaint also cites 42 U.S.C. § 2000d, which prohibits any program or activity receiving federal financial assistance from discriminating on the basis of race, color, or national origin. Plaintiff's complaint contains no allegations supporting a claim under § 2000d.

[2] For the reasons stated below, the Court need not decide whether to construe plaintiff's filing as a motion for a temporary restraining order or otherwise reach the merits of his request.

2

case or controversy which renders judicial resolution appropriate." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004).  To establish Article III standing, plaintiff must meet three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).  In order to establish injury in fact under Article III, plaintiff must be among the injured and "show that a separate injury to [his] concrete, particularized interests flows from the agency's procedural failure."  *Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 449 (10th Cir. 1996).  "Standing to sue may not be predicated upon an interest . . . which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share."  *Chrisman v. C.I.R.*, 82 F.3d 371, 373 (10th Cir. 1996) (internal citation omitted).  "[E]ven when a plaintiff is sincere and motivated to pursue a case, the court cannot exercise jurisdiction for generalized grievances, but must face a tangible, personal, threatened interest."  *Id*.

Here, plaintiff fails to allege that he suffered, or is likely to suffer, injury in fact.  Although plaintiff claims that the power plant emits pollutants affecting the health of those within a five mile radius and that families and children most affected by pollution reside in the 80910 and 80916 zip codes, plaintiff does not allege any facts upon which to conclude that he was in any way personally affected by pollution from the power

plant or the May 5, 2014 fire.[3]  *See* Docket No. 1 at 2-3.  Thus, plaintiff has failed to allege that he suffered an injury in fact.[4]  *See Chrisman*, 82 F.3d at 373.

Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Plaintiff's complaint does not establish that he has standing to maintain this action.  Thus, the Court lacks subject matter jurisdiction to proceed and must dismiss this case without prejudice.[5]  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (holding that dismissal for lack of subject matter jurisdiction must be without prejudice).

---

[3] Although plaintiff's complaint states that he is a citizen of Colorado Springs, Docket No. 1 at 2, the Court cannot infer that plaintiff personally suffered an injury based upon that allegation alone.  *See Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990) ("A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.").

[4] The Court need not reach the remaining elements of Article III standing.

[5] Given the lack of subject matter jurisdiction, the Court need not consider whether plaintiff's filing complies with D.C.COLO.LCivR 7.1; whether plaintiff has filed a certificate that complies with D.C.COLO.LCivR 65.1(a)(1); or whether plaintiff has otherwise sufficiently explained the exigency of his requested relief so as to justify the grant of a temporary restraining order.  Moreover, although the CAA authorizes citizen suits, "[n]o action may be commenced . . . prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order."  42 U.S.C. § 7604(b).  The CAA also requires a plaintiff to allege "a violation of 'a specific strategy or commitment in the [implementation plan for enforcement of air quality standards] and describe, with some particularity, the respects in which compliance with the provision is deficient.'"  *Coalition Against Columbus Ctr. v. City of New York*, 967 F.2d 764, 769 (2d Cir. 1992) (quoting *Wilder v. Thomas*, 854 F.2d 605, 610 (2d Cir. 1988)).  For the foregoing reasons, the Court need not consider whether plaintiff's filing otherwise complies with the CAA.

For the foregoing reasons, it is

**ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

DATED May 21, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge